[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-12603
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 6, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-01049-CV-T-N

ROBINA JENKINS,

Plaintiff-Appellant,

versus

NANCY L. WORLEY, individually and in her capacity
as Secretary of State, State of Alabama,
JOE DICKSON,
HARRY MCMILLAN,
HORACE W. POWELL, SR.,
JOYCE P. O'NEAL, individually and in their capacity as
members of the State Personnel Board, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____
**(January 6, 2009)**

Before BIRCH, HULL and COX, Circuit Judges.

PER CURIAM:

Plaintiff Robina Jenkins was employed by the Alabama Secretary of State's office as a Departmental Program Manager. During a state-wide budget crisis in 2003, she was laid off. Nancy L. Worley was the appointing authority within the Secretary of State's office, and the person who informed Jenkins that she was laid off. In July 2005, Jenkins petitioned the State Personnel Board ("the Board") for a hearing regarding the propriety of the lay-off and whether Worley had impermissibly hired another employee to fill Jenkins's position after Jenkins was laid off. The Board responded both that Jenkins's petition was untimely and that the Board had conducted a review of its records and could find no factual support for Jenkins's claims.

In October 2005, Jenkins filed a lawsuit in the Montgomery County Circuit Court, alleging that Worley and the other Defendants, all members of the Board, had violated Alabama's Merit System Act and deprived Jenkins of her property interest in her job, in violation of the Fourteenth Amendment of the United States Constitution. The Defendants removed the case to federal court. (R.1-1.) The magistrate judge denied Jenkins's motion for remand to state court and later granted Defendants' motion for summary judgment on all of Jenkins's claims.[1]

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), the parties consented to entry of final judgment by the magistrate judge.

Jenkins appeals, arguing that the federal court lacked subject matter jurisdiction and that genuine issues of material fact made summary judgment inappropriate.

First, we consider the jurisdictional issue. After review of the pleadings, we conclude that the federal court had jurisdiction. Pursuant to 28 U.S.C. § 1441(b), an action that "aris[es] under the Constitution, treaties or laws of the United States" is generally removable. Each and every count of Jenkins's complaint alleges a violation of the Fourteenth Amendment of the United States Constitution. Jenkins's argument that these claims are peripheral to her state claims is insufficient to deprive the federal courts of subject matter jurisdiction. Removal was proper.

On the merits, we find that summary judgment for the Defendants also was proper for the reasons stated in the magistrate judge's Memorandum Opinion and Order. (R.3-50 at 11-13.)

For the foregoing reasons, summary judgment for the Defendants is affirmed.

AFFIRMED.